Morina v. Holder

BIA
Vomacka, IJ
A088 996 389

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fifteen.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

LIRIDON MORINA,
> *Petitioner*,

v.                                                                13-3842
                                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Liridon Morina, pro se, Elmhurst, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Linda S. Wernery, Assistant Director; Gregory M. Kelch, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Liridon Morina, a native and citizen of Kosovo, seeks review of a September 27, 2013 order of the BIA, denying his motion to remand and affirming the May 7, 2012 decision of an Immigration Judge ("IJ"), which pretermitted his application for asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). In re Liridon Morina, No. A088 996 389 (B.I.A. Sept. 27, 2013), aff'g No. A088 996 389 (Immig. Ct. N.Y.C. May 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165–66 (2d Cir. 2008).

I.      Pretermission of Asylum

An applicant must demonstrate "by clear and convincing evidence" that he filed his asylum application within one year after arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Our jurisdiction to review the agency's timeliness finding is limited to colorable constitutional and legal claims. 8 U.S.C. §§ 1158(a)(3); 1252(a)(2)(D); see Banco-Sandoval v. Gonzales, 516 F.3d 35, 41 n.6 (2d Cir. 2007). Morina has not stated any such colorable claims.

2

Morina sole purportedly constitutional or legal argument is that the IJ committed "a due process error" by noting the possibility that Morina might have come to the United States before 2007 to join his family. Pet'r's Br. 9–10; see also C.A.R. 99. Morina fails, however, to explain how that observation—which the IJ explicitly stated was the least important consideration in his holding, see C.A.R. 99—violates due process, and we see no basis for concluding that it did. Further, even assuming a due process error, Morina has not demonstrated ensuing prejudice, without which his claim cannot succeed. See Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks and citation omitted)). Morina's remaining contentions, challenging the adverse credibility determination and offering explanations for inconsistencies, merely quarrel with the agency's fact finding. As a result, we lack jurisdiction to consider the agency's pretermission of asylum. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006).

II.     Adverse Credibility Determination

We retain jurisdiction, however, to review the adverse credibility determination as it pertains to the denial of withholding of removal and CAT relief. For applications like Morina's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they

3

reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); see also id. § 1231(b)(3)(C) (applying this standard to withholding of removal). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Xiu Xia Lin v. Mukasey, 534 F.3d at 167.

Substantial evidence supports the IJ's finding that Morina was not credible. First, the IJ reasonably relied in part on Morina's demeanor. We give particular deference to the trier of fact's assessment of demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Moreover, the transcript supports the IJ's finding that Morina did not give direct answers. Among other examples, Morina equivocated about his role in the DLK party and whether he was an activist, and the IJ had to intervene to instruct Morina to answer a question about the duration of his hospitalization because Morina repeatedly addressed only the reasons for the alleged hospitalization.

The IJ's demeanor finding and overall adverse credibility determination were further supported by inconsistencies in the record. See Li Hua Lin v. U.S. Dep't of Justice, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). As the IJ found, the record reflects a number of discrepancies related to Morina's hospitalization, confrontations with opposing political groups, and entry into this country. As the IJ found, Morina testified that, as a result of one confrontation, he was hospitalized continuously for three weeks, testimony at odds with his admission that he

4

left the hospital for part of one day. The IJ also reasonably relied on the omission of the 2006 attack from his father's affidavit, because Morina testified that he had told his father about the attack. See Xiu Xia Lin v. Mukasey, 534 F.3d at 167.

Nor did the IJ err in relying on discrepancies concerning Morina's entry into the United States. Morina and his brother testified that Morina entered through Texas. But Morina's application and his brother's affidavit indicate that he arrived in "MI" or Miami. See id. ("[A]n IJ may rely on any inconsistency or omission in making an adverse credibility determination so long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (emphasis in original)).

The implausibility of Morina's testimony also called into question the underlying reason for the alleged attacks. Substantial evidence supports an implausibility finding if "the reasons for [the IJ's] incredulity are evident" and it is "tethered to record evidence." Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir. 2007). The IJ reasonably found implausible Morina's testimony that he was a political activist for the DLK because he could not provide specific answers to questions about the DLK's leadership or the politics of Kosovo. In light of Morina's testimony that he was a political activist who worked 35 to 48 hours per week for the DLK, his knowledge of politics was relevant to his credibility. Cf. Rizal v. Gonzales, 442 F.3d 84, 90–91 (2d Cir. 2006). The IJ also reasonably found implausible Morina's testimony that he filed a police report following a verbal attack, given that he declined to do so after three physical attacks.

5

Although Morina and his brother both testified that Morina has become forgetful since being attacked, an explanation he reiterates here, the agency was not required to credit his explanation, particularly given the lack of record evidence of any long-term medical issues. See Majidi v. Gonzales 430 F.3d at 80–81 (explaining that IJ need not credit applicant's explanations for inconsistencies in record unless reasonable fact-finder would be compelled to do so). Accordingly, the agency did not err in basing its adverse credibility determination on these inconsistences and implausibilities.

Having questioned Morina's credibility, the agency also reasonably relied on his failure to provide corroborating evidence. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). The IJ did not err in according diminished weight to the only documentary evidence of Morina's activism because Morina said he obtained a letter from the DLK on the day he left Kosovo, but the letter is dated months after his alleged entry date into the United States. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 342 (holding that weight accorded to evidence lies largely within agency's discretion).

Given the demeanor finding, Morina's inconsistent and implausible testimony, and the lack of corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination. See Xiu Xia Lin v. Mukasey, 534 F.3d at 167. Because Morina's claims relied on his credibility, the adverse determination is dispositive of

6

withholding of removal and CAT relief.  See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

III.    Motion to Remand

The petition is also denied to the extent it challenges the BIA's denial of remand. The BIA did not abuse its discretion in declining to remand based on a revised translation of a medical report.  To warrant remand, the evidence offered must be material and not previously available.  See 8 C.F.R. § 1003.2(c)(1); Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d 149, 156 (2d Cir. 2005).  The movant must also meet the "heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case."  Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d at 156–57 (internal quotation marks and citation omitted).

Morina argues that the mistranslation of his medical report infringed on his due process rights because the outcome of the proceeding may have been different had the translation been correct.  Although translation errors may provide a basis for remand, see Augustin v. Sava, 735 F.2d 32, 38 (2d Cir. 1984) (considering errors in translation of testimony), remand is not required if an alien "has failed to identify any translation errors that significantly alter the meaning of his testimony," Guo Qi Wang v. Holder, 583 F.3d 86, 89 n.1 (2d Cir. 2009).  Moreover, resolution of the inconsistency regarding the report does not overcome the numerous other inconsistencies and implausibilities underlying the adverse credibility determination, and is therefore unlikely to alter the result of the case.

7

For the foregoing reasons, the petition for review is DISMISSED as it relates to the agency's pretermission asylum and DENIED in all other respects. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court